■ CLEVELAND A. BROOKS, Appellant, v. ALBERT J. WILLIAMS, Respondent. — In an action to recover damages for personal injury, the plaintiff appeals from an order of the Supreme Court, Queens County, dated April 10, 1963, made upon reconsideration, which denied his motion for a preference in trial, pursuant to the Special Rules of this court regulating the granting of preferences in the trial of personal injury actions. Order reversed, without costs; application for a preference in trial granted; and matter remitted to the Civil Trial Term for entry of an appropriate order under said rules. While this court is reluctant to disturb the discretion exercised by the Trial Term in passing on preference applications, it is our opinion, in view of the claimed injuries and damages sustained by plaintiff and in view of the defendant's failure to submit any proof in opposition to this application, that the jurisdictional monetary limitation of the Civil Court of the City of New York may preclude adequate recovery by the plaintiff in that court; hence, a preference in trial should be accorded to him. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ In the Matter of VINCENT S. ALBINI, an Alleged Incompetent. MARGARET FRANZESE, Appellant; SETH RUBENSTEIN, as Special Guardian, et al., Respondents.— In a proceeding to appoint a committee of the person and property of Vincent S. Albini, an alleged incompetent (who has since died), Margaret Franzese (the said Albini's daughter) appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County, dated July 20, 1962, as granted the special guardian's motion and directed the appellant Franzese to pay two thirds of the fee of the respondent Greenstein, who is the doctor designated by the court to examine the alleged incompetent and to report his findings. Order, insofar as appealed from, reversed, without costs, and motion, insofar as it seeks to impose upon appellant the obligation to pay any portion of the doctor's fee, denied. The record discloses: (1) that the appellant never appeared in the proceeding and was not a party thereto; and (2) that the proceeding abated upon the alleged incompetent's death on May 2, 1962. Under such circumstances, it is our opinion that the Special Term lacked jurisdiction to direct the appellant to pay any part of the doctor's fee. Moreover, on the record as presented, the propriety of the doctor's designation has not been established. (See *Matter of Stolworthy*, 18 A D 2d 692). [For prior and related appeals, see *Matter of Albini*, 15 A D 2d 675; *Carletta* v. *Albini*, 14 A D 2d 813.] Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.